573 F.2d 863
 PUBLIC CITIZEN, HEALTH RESEARCH GROUP and Maryland Public
Interest Research Group, Appellants,
v.
COMMISSION ON MEDICAL DISCIPLINE OF MARYLAND, Elmer G.
Einhardt, Charles Bagley, Jerome Coller, Eli Lippman, Carl
F. Meck, Members, Commission on Medical Discipline of
Maryland, Medical and Chirurgical Faculty of the State of
Maryland, William Carl Ebeling, President, Medical and
Chirurgical Faculty of the State of Maryland, Prince
George's County Medical Society, and John T. Lynn,
President, Prince George's County Medical Society, John M.
Dennis, John E. Adams, and William G. Speed, III, Appellees.
 No. 76-1944.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 8, 1977.
Decided March 29, 1978.
 
 Girardeau A. Spann, Washington, D. C. (Alan B. Morrison, Washington, D. C., on brief), for appellants.
 E. Dale Adkins, III, Baltimore, Md. (John F. King, Baltimore, Md., on brief), for appellees William Ebeling and The Medical & Chirurgical Faculty of Maryland.
 Stephen J. Sfekas, Asst. Atty. Gen., Baltimore, Md. (Francis B. Burch, Atty. Gen. of Maryland, and Paul Walter, Asst. Atty. Gen., Baltimore, Md., on brief), for appellees, Commission on Medical Discipline of Maryland.
 Before BUTZNER, WIDENER and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Article 43, § 129 of the Annotated Code of Maryland, provides that "No physician shall advertise except as provided by regulations of the Board (of Medical Examiners)." Regulation F of the Board, promulgated pursuant to § 129,[1] permits advertising in certain areas. Neither § 129 nor Regulation F, however, defines the term "advertise."
 
 
 2
 Plaintiffs, various "public interest" organizations, sought to publish a medical directory containing information about physicians practicing in Prince George's County, Maryland. To gather information for the proposed directory, the plaintiffs prepared a telephone questionnaire that was used to obtain the particulars of each physician's office hours, fees for office visits and laboratory tests, educational background, foreign language availability, availability to treat Medicare or Medicaid patients, and other items of information the plaintiffs thought would assist consumers of medical services. The plaintiffs advised the physicians "that this is a consumer effort and that their refusal to cooperate will be made public when the directory is published." The response by county doctors was less than desired, however. The directory as published, according to plaintiffs, contains no information about three-quarters of the county physicians; nine pages of the directory list the names of doctors characterized as "non-responding and uncooperative doctors."
 
 
 3
 The plaintiffs' efforts to compile the directory came to the attention of the defendants Prince George's County Medical Society, and Medical and Chirurgical Faculty of the State of Maryland. These defendants indicated that participation in the directory as conceived by plaintiffs might involve questions of ethics and advertising illegal under § 129. Defendant Commission on Medical Discipline is charged under Maryland law, Md.Code Ann. Art. 43, § 130, with regulating the medical profession, including the discipline of physicians and advertising by physicians.
 
 
 4
 Alleging that the actions of the defendants State Faculty and County Society caused the inadequate participation of county physicians in the directory, the plaintiffs brought suit under 28 U.S.C. §§ 1331 & 1343(3), requesting the convening of a three-judge district court which they asked to declare that § 129 and Regulation F violated their rights under 42 U.S.C. § 1983 and the First Amendment, and they prayed for injunctive relief enjoining all defendants from enforcing § 129 and Regulation F "insofar as they prohibit any physician from supplying plaintiffs the answers to questions contained in (the questionnaire) for publication in the directory."
 
 
 5
 The three-judge court which was convened noted that Maryland law, Md.Code Ann., Article 41, § 250, provides for the issuance of declaratory rulings by state agencies "with respect to the applicability to any person . . . of any rule or statute enforceable by it . . . ," and that the primary issue presented by plaintiffs was "whether the Directory is an advertisement of the character inhibited by the Maryland law." It abstained from deciding the merits of the suit and dismissed the cause without prejudice in an unreported opinion. Plaintiffs' complaint that abstention would lead to unjustifiable delay was rebutted, in the district court's view, by plaintiffs' choice of the federal forum over the readily available state remedy contained in § 250.
 
 
 6
 We hold that the district court did not err in abstaining. This case presents an example for abstention under the doctrine of Railroad Comm'n v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Decision on the constitutionality of the challenged statute and regulation "may be rendered unnecessary by decision" of the Maryland courts "as a matter of state law," Carey v. Sugar, 425 U.S. 73, 78, 96 S.Ct. 1208, 1211, 47 L.Ed.2d 587 (1976). If the Maryland courts hold that the directory does not constitute advertising as prohibited by § 129, the need for federal adjudication will disappear. The Maryland courts have not yet construed the sweep of § 129 and Regulation F, and we think we should not provide a "tentative answer which may be displaced tomorrow by a state adjudication." Railroad Comm'n v. Pullman Co., 312 U.S. at 500, 61 S.Ct. at 645.[2]
 
 
 7
 We realize that First Amendment claims do require special attention from a federal court that is considering whether to order abstention, Zwickler v. Koota, 389 U.S. 241, 249-52, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967), and abstention is not in order "simply to give state courts the first opportunity to vindicate the federal claim," Zwickler at 251, 88 S.Ct. at 397, but abstention is not always precluded by a claim of First Amendment privilege. Harrison v. NAACP, 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959). The decision to abstain "involves a discretionary exercise of a court's equity powers," Baggett v. Bullitt, 377 U.S. 360, 375, 84 S.Ct. 1316, 1324, 12 L.Ed.2d 377 (1964), and we are not persuaded that the three-judge court abused its discretion. Certainly, this is not a case like Griffin v. School Board, 377 U.S. 218, 229, 84 S.Ct. 1226, 1232, 12 L.Ed.2d 256 (1964), with a long history of "resistance at the state and county level, by legislation, and by lawsuits" to well-settled constitutional rights. Indeed, the sole area of disagreement between the parties, and now awaiting decision in the Maryland courts, is the very question reserved in Bates v. State Bar of Arizona, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977): ". . . we need not address the peculiar problems associated with advertising claims relating to the quality of legal services." 433 U.S. at 366, 97 S.Ct. at 2700.[3] (Italics are the Court's).
 
 
 8
 We are also of opinion the district court did not abuse its discretion in not certifying the question to the Maryland court under Md.Code Ann., Courts and Judicial Procedures, § 12-601.
 
 
 9
 The judgment of the district court abstaining is accordingly affirmed, but its final order should be modified in one respect. That order dismissed without prejudice instead of retaining jurisdiction. Because no interference with the Maryland proceedings is shown or claimed, its order should be modified so as to retain jurisdiction of the action pending the outcome of the proceedings in the Maryland courts. Harris County Commissioners' Court v. Moore, 420 U.S. 77, 88, n. 14, 95 S.Ct. 870, 43 L.Ed.2d 32 (1975).
 
 
 10
 AFFIRMED AND MODIFIED.
 
 
 
 [1]
 Regulation F actually was issued by the Maryland Commission on Medical Discipline; throughout this litigation, however, it has been accepted as a regulation of the Board of Medical Examiners and the validity of its promulgation is not questioned
 
 
 [2]
 Following the dismissal in the three-judge court, plaintiffs not only appealed to this court, they also filed a petition before the Maryland Commission on Medical Discipline seeking a declaration of whether the directory constituted advertising under § 129. On October 15, 1976, the Commission issued its ruling. It agreed with the plaintiffs that three factors "offer a useful starting point" in analyzing the propriety of a directory:
 (1) that the information requested must be of an objective nature;
 (2) that the information requested must be verifiable; and
 (3) that all physicians within the geographic or specialty area to which the directory is limited, must have an equal opportunity to be listed in the directory.
 In addition to these criteria, the Commission assumed a fourth corollary criterion, "that each physician provide information that is truthful to the best of his or her knowledge." Plaintiffs have not contested this veracity requirement, and the Commission assumed that the criterion of truthfulness had been met.
 The sole basis for disagreement following the Commission's opinion was its adoption of a fifth criterion, "that the directory not attempt to rate physicians in any manner." The Commission held the opinion that permitting ratings "would encourage physicians to compete among themselves to meet the standards selected by the compilers of a directory" instead of "the standards of good care established by (their) peers, by the law, and by (their) own best medical judgment." The Commission found "that the introduction and commentary to the directory contain a number of inaccurate and naive comments which, when applied to the answered questionnaire portion of the directory, have the effect of endorsing and rating the participating physicians." As a result of the introduction, the Commission concluded that knowing physician participation in the directory with the introduction would constitute advertising in violation of § 129. Plaintiffs have appealed from the decision of the Commission to the Maryland courts. At oral argument before this court, Tuesday, November 8, 1977, counsel for plaintiffs stated that briefs already had been submitted to the State reviewing court, and that the case was to be argued within a week, on "next Monday," (November 14, 1977). We were advised by a paper filed by plaintiffs in our clerk's office March 15, 1978 that the Baltimore City Court has decided the matter the same as the Commission by order entered March 9, 1978.
 
 
 [3]
 In Bates, n. 17, the Supreme Court also reserved decision on whether the decision applied to other professions
 We do not believe the fact that the Maryland court in Davis v. State, 183 Md. 385, 37 A.2d 880 (1944), upheld a similar statute is any more indicative that it will include the directory as within the present Maryland statute and regulation than Semler v. Dental Examiners, 294 U.S. 608, 55 S.Ct. 570, 79 L.Ed. 1086 (1935), accurately predicted the holding in Bates. Should there be changes in the law, we presume Maryland will follow them. It is not entirely clear to us whether the First Amendment claims were squarely presented in either Davis or Semler, but both cases upheld restrictions on advertising. If the report of the Commission is an indication as to the forthcoming Maryland court decision, we note that it has approved the directory in large part, only disagreeing with the plaintiffs as to the introduction. The Commission, as did the district court, considered Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976).