928 F.2d 399
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
The MARYLAND CHAPTER OF THE AMERICAN MASSAGE THERAPY
ASSOCIATION, INCORPORATED, a corporate body of the
State of Delaware, Plaintiff-Appellant,
v.
STATE OF MAYLAND, Adele Wilzack, Secretary, Department of
Health and Mental Hygiene for the State of Maryland, Charles
M. Dilla, Chairman, Physical Therapy Examiners for the State
of Maryland, Marilyn G. Booher, Board of Physical Therapy
Examiners for the State of Maryland, Carol A. Hamilton,
Board of Physical Therapy Examiners for the State of
Maryland, William D. Hodges, Board of Physical Therapy
Examiners for the State of Maryland, Judith A. Schank, Board
of Physical Therapy Examiners for the State of Maryland,
Defendants-Appellees.
 No. 90-2417.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 8, 1991.
Decided March 18, 1991.
As Amended May 6, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., District Judge. (CA-89-3367-B)
 Jeffrey Neil Pritzker, Margolis, Pritzker & Epstein, P.A., Towson, Md., for appellant.
 Carl Forrest Ameringer, Assistant Attorney General, Baltimore, Md. (argued), for appellees; J. Joseph Curran, Jr., Attorney General of Maryland, Harry J. Matz, Assistant Attorney General, Ellen S. Cooper, Assistant Attorney General, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and MULLEN, United States District Judge for the Western District of North Carolina, Sitting by Designation.
 PER CURIAM:
 
 
 1
 The Maryland Chapter of the American Massage Therapy Association, Inc., ("the Chapter"), appeals the decision of the District Court of Maryland staying this action, which challenges the constitutionality of a Maryland statute regulating physical therapy, pending the resolution of proceedings in the Maryland state court. The district court found that the statute presented an unsettled question of state law, which a Maryland state court could interpret so as to obviate the constitutional claims presented, and that it should abstain under the doctrine of Pullman abstention. (Railroad Commission v. Pullman, 312 U.S. 496 (1941)). We affirm.
 
 I.
 
 2
 The Chapter, a non-profit association, has a membership of approximately 250 individuals engaged in the practice of "massage therapy." The members of the Chapter, practitioners, who are not licensed by Maryland as therapists, contend that they do not give "medical treatment," but simply provide "massage services" for relaxation and recreation purposes.
 
 
 3
 The Chapter brought this lawsuit to challenge the constitutionality of a Maryland statute known as "The Maryland Physical Therapy Act." The Act provides that individuals cannot practice, attempt to practice, or offer to practice "physical therapy" without a license. Md.Code Ann. Health & Occupations Sec. 13-301(a) (1991 repl. vol.). The Act further provides that anyone practicing "physical therapy" without a license can be fined up to $1,000. Id. at Sec. 13-407. Maryland's State Board of Physical Therapy Examiners has interpreted the statute to proscribe the advertisement of massage and the administering of any "massage therapy" by any individual not licensed as a physical therapist.
 
 
 4
 Following this interpretation, the Chapter sued the Board and the state of Maryland in federal district court, alleging that the statute, as interpreted, violated the first, fifth, and fourteenth amendments to the United States constitution. The Chapter also asserted that the statute illegally restrained trade in violation of the Sherman Act. The state of Maryland filed a motion to dismiss on the basis of, among other issues, the Pullman doctrine of abstention. The district court determined that abstention was appropriate and stayed the case, but retained jurisdiction pending further order of the court.
 
 II.
 
 5
 We apply a mixed standard of review when considering whether a district court should have abstained in a pending case. We review the threshold legal issue of whether the statute presents unsettled issues of state law, the construction of which might make the federal constitutional issues moot, under a de novo standard. If the legal prerequisites for the application of the Pullman doctrine are present, we apply an abuse of discretion standard to determine whether the special circumstances existed to justify abstention. See United Service Auto. Ass'n v. Muir, 792 F.2d 356, 361 (3d Cir.1986), cert. denied, 479 U.S. 1031 (1987).
 
 III.
 
 6
 The sole issue in this case is whether the district court should have abstained under the doctrine of Pullman abstention. We first consider whether the legal prerequisites exist. Since 1941, the Supreme Court has recognized that federal courts should abstain from deciding constitutional claims when an interpretation of an unclear state statutory provision by a state court might eliminate the constitutional issues presented.
 
 
 7
 Railroad Commission v. Pullman, 312 U.S. 496 (1941); accord City of Houston v. Hill, 482 U.S. 451, 468 (1987); Harman v. Forssenius, 380 U.S. 528, 534 (1965).
 
 
 8
 However, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976). The Supreme Court has warned that "because of the delays inherent in the abstention process and the danger that valuable federal rights might be lost in the absence of expeditious adjudication in federal court, abstention must be invoked only in 'special circumstances' and only upon careful consideration of the facts of each case." Harris County Commissioners Court v. Moore, 420 U.S. 77, 83 (1975) (citations omitted).
 
 
 9
 Guided by these principles, we have previously held that for a district court to abstain under Pullman, the case must involve "(1) an unclear issue of state law presented for decision, (2) the resolution of which may moot or present in a different posture the federal constitutional issue such that the state law issue is potentially dispositive." Educational Servs. v. Maryland State Bd. for Higher Educ., 710 F.2d 170 (4th Cir.1983); accord Meredith v. Talbot County, 828 F.2d 228, 231 (4th Cir.1987). We find both of these elements present in this case.
 
 
 10
 First, the Act contains an unclear term, "therapeutic massage." The Chapter argues that "therapeutic massage" is a generic term describing services offered by members of the Chapter and does not connote the providing of any treatment or healing services. The state of Maryland, however, contends that "therapeutic massage" means the "practice of physical therapy" and relates to treatment or healing.
 
 
 11
 We addressed a similar factual scenario in Public Citizen, Health Research Group v. Commission on Medical Discipline of Maryland, 573 F.2d 863 (4th Cir.1978), and find the reasoning of that case controlling in this instance. In Public Citizen, the state of Maryland had regulations restricting certain types of physician advertising. The plaintiff, who published physician directories, challenged the constitutionality of the law in federal court. The district court abstained, finding that if the state court determined the directories did not constitute "advertising" under the regulation, the constitutional issues would become moot. Id. at 865. We held this abstention by the federal court was proper to allow the state court to interpret the meaning of the statute.
 
 
 12
 Just as the statute in Public Citizen failed to adequately define advertising, the statute in the present case fails to adequately define "therapeutic massage." This definitional ambiguity, however, can be resolved in state court so as to avoid the constitutional issues presented to the district court. If a state court accepts the Chapter's view of "therapeutic massage" as not involving treatment or healing services, the statute would not apply to the members of the Chapter, because the practitioners would be offering a common message and not "practicing physical therapy without a license." As a result, the Chapter would no longer have reason to challenge the statute.
 
 
 13
 On the other hand, if the state court accepted the state's view of "therapeutic massage" as a type of treatment or healing service, the Chapter members would be practicing "physical therapy without a license" in violation of the statute. In that event, the Chapter could return to federal court to raise the constitutional challenges. See England v. Louisiana State Bd. of Med. Examiners, 375 U.S. 411 (1964) (party may undertake course of state litigation after federal court abstained without affecting right to pursue future claims in federal court). Since this case presents an unclear issue of state law, the resolution of which could moot the constitutional issues, we hold that this case meets the two legal requirements of Pullman abstention.
 
 IV.
 
 14
 We now address whether the district court abused its discretion in abstaining in this case, and we find no abuse. Even though this case involves constitutional claims, which may be prejudiced by the delay resulting from abstention, there are counterbalancing concerns, i.e., the important state interests of avoiding deception and of maintaining high standards in the health care profession. This case has been pending in federal court for only a short period. Therefore, the Chapter will not be significantly prejudiced by having to litigate its claims in state court. It was clearly within the district court's discretion to abstain in this case.
 
 V.
 
 15
 For the foregoing reasons, the district court's decision to abstain in this case is
 
 
 16
 AFFIRMED.