**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-1476**

———————

BARRY R. GAINSBURG,

            Plaintiff - Appellant,

       v.

STEBEN & CO., INC.; KENNETH E. STEBEN,

            Defendants - Appellees.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Peter J. Messitte, Senior District
Judge.   (8:10-cv-00715-PJM)

———————

Argued:  March 19, 2013          Decided:  April 29, 2013

———————

Before TRAXLER, Chief Judge, and WILKINSON and NIEMEYER, Circuit
Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Philip J. Sweitzer, PHILIP J. SWEITZER, LLC, Baltimore,
Maryland, for Appellant.  Eric Hemmendinger, SHAWE & ROSENTHAL,
LLP, Baltimore, Maryland, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This litigation stems from appellant Barry Gainsburg's termination by his former employer, appellee Steben & Co. Gainsburg alleges that the firm and its president, appellee Kenneth Steben, unlawfully discharged him in violation of the Maryland Flexible Leave Act ("MFLA"), Md. Code Ann., Lab. & Empl. § 3-802, which, inter alia, prohibits retaliation against an employee who "has taken leave authorized under" the statute.

On November 16, 2009, Gainsburg sought to reclassify his previously scheduled December vacation as medical leave because his father had recently fallen ill. The appellees maintain that, because of "a series of issues and incidents" that demonstrated Gainsburg was "not competent," Steben & Co. was already well into the process of hiring a replacement for him when he made this request. Br. of Appellees at 2. Four days after Gainsburg sought to change the status of his future leave, the firm terminated him, having offered his position to another individual three days earlier.

In March 2010, Gainsburg commenced this diversity action against both Steben & Co. and Kenneth Steben in the District of Maryland, seeking monetary damages for his allegedly unlawful discharge. At the motion-to-dismiss phase, Gainsburg argued that his request to take protected leave was itself protected activity because the MFLA requires employees to take leave in

2

accordance with established employer policy, see Md. Code Ann., Lab. & Empl. § 3-802(e)(2), and here, Steben & Co. policy required employees to provide advance notice before taking any leave. Thus, Gainsburg contended, the fact that he requested but never actually took the leave at issue should not categorically bar a court from granting him relief under the MFLA.

The trial court disagreed and dismissed Gainsburg's claim, finding that he was not subject to the protections of the MFLA because he had not "taken leave authorized under" the statute. See id. § 3-802(f)(1). Rather, the court concluded, Gainsburg merely gave advance notice of an intent to take protected leave sometime in the future, placing him outside the scope of the relevant statutory language.

On appeal, Gainsburg presses the same primary argument made below, namely that "when an employee complies with employer policy in using leave, by giving the employer the required advance notice under the employer's policy, he has 'taken' leave under the statute." Br. of Appellant at 21. But Gainsburg's argument once again misses the mark because, by its very terms, the MFLA applies only to an employee who "has taken leave," not to an employee who has taken preliminary steps to obtain employer approval for leave. The clear language of the statute precludes any vague, atextual argument that requesting leave or providing notice of leave -- rather than actually taking it by

3

spending time away from work -- constitutes protected activity. As the district court correctly noted, Gainsburg has not "taken leave" protected by the statute; he requested future leave and was terminated before his leave began. Therefore, he cannot state a claim for wrongful termination under the MFLA.[*]

Having reviewed the briefs and heard argument, we find no error in any of the trial court's rulings. We thus affirm the judgment.

AFFIRMED

---

[*] In the proceedings below, Gainsburg sought to certify a question to the Court of Appeals of Maryland to determine whether the MFLA should be interpreted to protect his request for leave. The district court declined to certify the question, and we review that decision under the familiar abuse-of-discretion standard. See Public Citizen, Health Research Grp. v. Comm'n on Med. Discipline of Md., 573 F.2d 863, 866 (4th Cir. 1978) (per curiam). Given the deference owed to district courts on issues of certification and the clear meaning of the phrase "has taken leave" in the context of this case, the district court in no way abused its discretion in rejecting Gainsburg's certification request.

Gainsburg also appeals the dismissal of a defamation claim concerning statements made by Steben & Co. officers to the effect that Gainsburg was trying to "extort" the firm by overzealously discharging his duties as chief compliance officer. The district court dismissed this defamation claim -- presented for the first time in Gainsburg's second amended complaint -- on statute-of-limitations grounds, finding that it did not relate back to the filing of the original complaint. As the district court correctly noted, Gainsburg's prior complaints did not fairly put the appellees on notice that Gainsburg was pursuing relief based on the "extort" statement, and thus the added claim does not relate back. See Grattan v. Burnett, 710 F.2d 160, 163 (4th Cir. 1983). Dismissal on statute-of-limitations grounds was therefore appropriate.

4