**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-1887**

———————

WEST VIRGINIA PARENTS FOR RELIGIOUS FREEDOM; PASTOR CHRIS
FIGARETTI; JUDD UHL, individually and on behalf of their minor children, and
on behalf of others similarly situated,

> Plaintiffs – Appellants,

and

ANDREW WALDRON,

> Plaintiff,

v.

DR. MATTHEW CHRISTIANSEN, in his official capacity as the State Health
Officer; JUSTIN DAVIS, in his official capacity as the Interim Commissioner for
the Bureau of Public Health,

> Defendants – Appellees,

and

BELINDA MOSS, in her official capacity as the Principal Administrator of Cheat
Lake Elementary School; MINDY WILSON, in her official capacity as the Principal
Administrator of the Jefferson Elementary Center,

> Defendants.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at
Wheeling.  John Preston Bailey, District Judge.  (5:23-cv-00158-JPB)

———————

Argued:  September 25, 2024                    Decided:  December 31, 2024

Before KING, BENJAMIN, and BERNER, Circuit Judges.

Vacated and remanded by published opinion. Judge King wrote the opinion, in which Judge Benjamin joined. Judge Berner wrote a dissenting opinion.

**ARGUED:** Christopher David Wiest, Covington, Kentucky, for Appellants. Jonathan Zak Ritchie, HISSAM FORMAN DONOVAN RITCHIE PLLC, Charleston, West Virginia, for Appellees. **ON BRIEF:** Aaron Siri, Elizabeth A. Brehm, Walker Moller, SIRI & GLIMSTAD LLP, New York, New York, for Appellants. Michael B. Hissam, Maureen F. Gleason, HISSAM FORMAN DONOVAN RITCHIE PLLC, Charleston, West Virginia, for Appellees.

2

KING, Circuit Judge:

The Plaintiffs herein seek appellate relief from an abstention ruling made against them in August 2023 in the Northern District of West Virginia. *See W. Va. Parents for Religious Freedom v. Christiansen*, 685 F. Supp. 3d 371 (N.D.W.Va. 2023) (the "Abstention Ruling"). By their Complaint, the Plaintiffs sued under 42 U.S.C. § 1983 and sought declaratory and injunctive relief against Dr. Matthew Christiansen, the State Health Officer and Commissioner of the West Virginia Bureau of Public Health (the "Commissioner"). The Complaint alleges a single First Amendment claim, i.e., that West Virginia's mandatory vaccination requirement for children — section 16-3-4 of the West Virginia Code (the "Vaccination Mandate") — is unconstitutional under the Free Exercise Clause of the First Amendment.[1]

In its Abstention Ruling, the district court applied the so-called *Pullman* abstention doctrine and did not resolve the Free Exercise claim alleged in the Complaint. *See R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941). As our colleague Judge Niemeyer recognized recently in *Sonda v. W. Va. Oil & Gas Conservation Comm'n*, the *Pullman* abstention doctrine is described thusly:

> [T]he *Pullman* exception may be applied when there is (1) an unclear issue
> of state law presented for decision (2) the resolution of which may moot or
> present in a different posture the federal constitutional issues such that the
> state law issue is potentially dispositive.

---

[1] The Free Exercise Clause of the First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I.

*See* 92 F.4th 213, 219 (4th Cir. Jan. 31, 2024) (cleaned up).  As explained herein, we are satisfied that — in these circumstances — the Abstention Ruling was erroneously made, and we therefore vacate and remand.

## I.

### A.

Pursuant to West Virginia law, the public school attendance of all children in the State aged six to seventeen is mandated, with exceptions for private schooling, parochial schooling, learning pods, microschooling, and home schooling.  *See* W. Va. Code §§ 18-8-1–1a.  In order for the State's children to attend a public, private, or parochial school, however, their parents are obliged to comply with the Vaccination Mandate.  Pursuant thereto, those children are required to be immunized against "chickenpox, hepatitis-b, measles, meningitis, mumps, diphtheria, polio, rubella, tetanus, and whooping cough."  *See* W. Va. Code § 16-3-4(b).

The Commissioner is authorized, however, to exempt a child from the Vaccination Mandate "upon sufficient medical evidence that immunization is contraindicated or there exists a specific precaution to a particular vaccine."  *See* W. Va. Code § 16-3-4(h).  A request for an exemption from the Vaccination Mandate must be accompanied by a certification of a licensed physician "stating that the physical condition of the child is such that immunization is contraindicated or there exists a specific precaution to a particular vaccine."  *See* W. Va. Code § 16-3-4(h)(1).  The West Virginia Code does not authorize the Commissioner to issue an exemption authorized for religious reasons.

4

B.

On April 26, 2023, the Plaintiffs filed this lawsuit in the Northern District of West Virginia. They sued the Commissioner in his official capacities and pleaded their single claim — that the Vaccination Mandate contravenes the Free Exercise Clause of the First Amendment.[2] More specifically, the Plaintiffs simply contend that the Vaccination Mandate is unconstitutional because there is no exemption for religious purposes.

Two days after the Complaint was filed, on April 28, 2023, the Plaintiffs moved for a preliminary injunction and sought expedited consideration of their § 1983 Free Exercise claim. The parties promptly submitted supporting and opposing briefs, and the district court, on May 10, heard oral argument from the lawyers.[3] On May 18, the district court entered an order denying the preliminary injunction request, ruling that the Plaintiffs had failed to demonstrate a substantial threat of irreparable injury if an injunction was denied. *See* J.A. 210–14.[4] The court explained that the 2022-23 school year was ending soon, and "[P]laintiffs will not be forced to choose between religious conviction and mandatory

---

[2] Pursuant to § 1983 of Title 42, an individual can sue government officials and others acting "under the color of state law" for a civil rights violation.

[3] Two amicus curiae participants — The Center for Rural Health Development, Inc. and the Attorney General of West Virginia — came forth and made submissions in the preliminary injunction proceedings. The Center for Rural Health Department supported the Commissioner, and the Attorney General supported the Plaintiffs. Neither has participated in this appeal.

[4] Our citations herein to "J.A. ___" refer to the Joint Appendix filed herein by the parties.

vaccination for several additional months." *See* J.A. 214. The court also established an expedited briefing schedule for the relevant issues.

Soon thereafter, the Plaintiffs and the Commissioner each moved for summary judgment. The Plaintiffs contended that the Vaccination Mandate plainly contravenes the Free Exercise Clause. The Commissioner made three contentions in response, arguing in what was designated as a cross-motion for summary judgment: (1) that the district court should abstain from resolving the Free Exercise claim, pursuant to the *Pullman* abstention doctrine; (2) that the Plaintiffs had failed to sue the proper State official, were unable to satisfy the *Ex Parte Young* exception to sovereign immunity, and that the lack of redressability undermined Article III standing; and (3) that the Vaccination Mandate is constitutional and does not contravene the Free Exercise Clause.

The Commissioner's summary judgment brief advised the district court of a recent State enactment — called the Equal Protection for Religion Act (the "EPRA") — that was passed by the West Virginia legislature in March 2023 and made effective on May 29, 2023. The Commissioner asserted — in arguing for *Pullman* abstention — that the state courts should be accorded an initial opportunity to assess how EPRA impacted the Vaccination Mandate.[5] The Commissioner also pointed out that the Vaccination Mandate

---

[5] The ERPA provides, inter alia, as follows:

> Notwithstanding any other provision of law, no state action may . . . [s]ubstantially burden a person's exercise of religion unless applying the burden to that person's exercise of religion in a particular situation is

(Continued)

had been upheld by our Court several years ago in the face of constitutional challenges, that is, in *Workman v. Mingo Cnty. Bd. of Educ.*, 419 Fed. App'x 348 (4th Cir. 2011) (unpublished) (holding that Vaccination Mandate does not contravene, inter alia, Free Exercise Clause).

By its Abstention Ruling of August 2, 2023, the district court denied the Plaintiffs' summary judgment request, resolved to abstain from the Free Exercise claim, and did not reach, address, or resolve the Commissioner's substantive contentions. The Abstention Ruling decided that the *Pullman* abstention doctrine applied to the situation presented and that a stay of the proceedings was warranted on that basis, stating that an EPRA claim "has the potential to resolve this issue without this Court having to render an opinion on a substantial federal constitutional question." *See* Abstention Ruling, 685 F. Supp. 3d at 379. The Abstention Ruling explicitly recited that the court would "abstain from ruling on the substantive issues presented by this case" and "stay[ed] this matter until such time that the

---

essential to further a compelling governmental interest; and is the least restrictive means of furthering that compelling governmental interest.

*See* W. Va. Code § 35-1A-1(a). EPRA purports to create a cause of action for any "person whose exercise of religion has been substantially burdened, or is likely to be substantially burdened" in violation of the Act. *Id.* at § 35-1A-1(b)(1). No West Virginia state court has heretofore applied or construed EPRA.

claims addressed herein are presented to the state courts of West Virginia." *Id.*[6]  The

Plaintiffs thereupon filed a notice of appeal, seeking reversal of the Abstention Ruling.

In their appellate submissions, the parties each addressed the jurisdictional issue

presented, in that the Abstention Ruling appears to be a non-final interlocutory order.  The

Plaintiffs contended that appellate jurisdiction exists under 28 U.S.C. § 1291, in that the

Abstention Ruling placed them "effectively out of court."  Alternatively, the Plaintiffs

argued that appellate jurisdiction exists under the "collateral order doctrine."  The

Commissioner's brief agreed with the Plaintiffs' jurisdictional contentions.

Of importance, Judge Niemeyer's recent *Sonda* decision has now resolved the

jurisdictional issue in favor of the Plaintiffs.  *See Sonda v. W. Va. Oil & Gas Conservation

Comm'n*, 94 F.4th 213, 218 (4th Cir. Jan. 31, 2024) (recognizing that § 1291 final order

jurisdiction, as well as collateral order jurisdiction, are proper in appeal from stay order

predicated on *Pullman* abstention).  Pursuant to *Sonda*'s thorough explanation of its

jurisdictional ruling, we possess jurisdiction in this appeal.[7]

---

[6] The Abstention Ruling denied the summary judgment request of the Plaintiffs and awarded the abstention request interposed by the Commissioner.  The Abstention Ruling was entitled — apparently with a misnomer — as:

> Order Denying Plaintiffs' Motion for Summary Judgment and for Permanent Injunction and *Granting Defendant's Cross-Motion for Summary Judgment*.

*See* Abstention Ruling, 685 F. Supp. 3d at 371 (emphasis added).

[7] The *Sonda* decision was rendered on January 31, 2024, almost six months after the Abstention Ruling.  *Sonda*'s rulings bear substantially on the controlling issues herein, and they constrain our resolution of this appeal.

8

## II.

We are obliged to review a district court's *Pullman* abstention decision for abuse of discretion. *See Richmond, Fredericksburg & Potomac R.R. Co. v. Frost*, 4 F.3d 244, 250 (4th Cir. 1993). And an abuse of discretion occurs when the district court is guided by an erroneous legal principle. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401–02 (1990). Importantly, however, "there is little or no discretion to abstain in a case which does not meet traditional abstention requirements." *See Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007) (internal quotation marks omitted). And "[w]hether a case satisfies the basic requirements of abstention" is a legal question that we review de novo. *See Myles Lumber Co. v. CNA Fin. Corp.*, 233 F.3d 821, 823 (4th Cir. 2000).

## III.

### A.

The Plaintiffs pursue three contentions in arguing that the district court abused its discretion in abstaining under the *Pullman* abstention doctrine. First, they contend that the Abstention Ruling fails to satisfy the requirements of *Pullman* abstention. Second, the Plaintiffs contend that the Abstention Ruling improperly created a state court exhaustion requirement — compelling a West Virginia plaintiff pursuing a § 1983 claim under the Free Exercise Clause to first exhaust that claim in a state court. Third, they contend that *Pullman* abstention is not warranted in this situation, where the challenged state law, in

9

their view, plainly violates the Free Exercise Clause.  As explained herein, we are satisfied that the Abstention Ruling is fatally flawed.

## B.

Put simply, a federal court's decision to abstain from the exercise of its jurisdiction is "the exception, not the rule." *See Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 236 (1984) (internal quotations omitted).  And as a general proposition, as Judge Niemeyer emphasized in *Sonda*, "a federal court, whose jurisdiction has been invoked, *must* exercise that jurisdiction and address the matter before it." *See Sonda v. W. Va. Oil and Gas Conservation Comm'n*, 92 F.4th 213, 219 (4th Cir. Jan. 31, 2024) (emphasis in the original).  Indeed, "[t]he Supreme Court has repeatedly instructed that federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *See Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007) (internal quotation marks omitted).  As *Sonda* also emphasized, that duty constitutes a "virtually unflagging obligation." *See* 92 F.4th at 219 (internal quotation marks omitted).

There are multiple abstention doctrines — including *Pullman* abstention — that constitute "extraordinary and narrow exceptions to a federal court's duty to exercise the jurisdiction conferred on it." *See Sonda*, 92 F.4th at 219 (internal quotation marks omitted).  Again, — repetition sometimes being helpful — the *Pullman* abstention doctrine only applies where:

> [T]here is (1) an unclear issue of state law presented for decision (2) the resolution of which may moot or present in a different posture the federal constitutional issue such that the state law issue is potentially dispositive.

10

*Id.* (internal quotation marks omitted). As a result, *Pullman* abstention can only be invoked to avoid the unnecessary adjudication of a federal constitutional issue and to prevent friction between federal and state legal principles. *See Midkiff*, 467 U.S. at 236.

*Pullman* abstention is typically reserved for a situation where the state law being presented is unclear and could be interpreted in a way that avoids the federal constitutional issue. *See City of Houston v. Hill*, 482 U.S. 451, 467 (1987). And *Pullman* abstention is not applicable if the state law is not subject to an interpretation that would render unnecessary the adjudication of a federal constitutional question. *See Midkiff*, 467 U.S. at 236 (quoting *Harman v. Forssenius*, 380 U.S. 528, 535 (1965)) (internal quotation marks omitted). The Supreme Court has repeatedly emphasized that abstention should only be invoked in "special circumstances," after careful consideration of the applicable facts, due to litigation delays that can be caused by abstention. *See Harris Cnty. Comm'rs Ct. v. Moore*, 420 U.S. 77, 83 (1975). And an exercise of caution by a court abstaining in a Free Exercise claim is particularly important, because the delay may impact the exercise of religious freedoms. Indeed, the Court has "been particularly reluctant to abstain in cases involving facial challenges based on the First Amendment." *See City of Houston*, 482 U.S. at 467.

With these authorities in mind, we turn to resolution of this appeal. As the Plaintiffs correctly contend, the only state law presented for decision here is the Vaccination Mandate. On the other hand, the only state law identified as being unclear is the recently adopted EPRA. And the Plaintiffs are not challenging the Vaccination Mandate under EPRA. Rather, the Plaintiffs pursue their Free Exercise claim solely under the Free

11

Exercise Clause. Otherwise stated, they consider and steadfastly maintain that EPRA is irrelevant.

If the Plaintiffs had deemed it appropriate, they could have sought to pursue a claim under EPRA. As the Supreme Court has emphasized, however, "abstention cannot be ordered simply to give state courts the first opportunity to vindicate the federal claim." *See Zwickler v. Koota*, 389 U.S. 241, 251 (1967) (discussing *McNeese v. Bd. of Educ.*, 373 U.S. 668 (1963)). And the Court has also recognized that abstention is not justified when "the plaintiffs might have sought relief under a similar provision of the state constitution." *See Examining Bd. of Engr's, Architects, and Surveyors v. Flores de Otero*, 426 U.S. 572, 598 (1976); *see also Wisconsin v. Constantineau*, 400 U.S. 433, 439 (1971); *Midkiff*, 467 U.S. 229, 237 n.4.

Finally, the Commissioner argues — perhaps hoping the federal courts set off on a "wild goose chase" — that abstention under the *Pullman* doctrine is proper in these circumstances. But the *Pullman* abstention doctrine requires that the federal claim "present" an unclear issue of state law, or that the federal court will have to "interpret an unclear state law." *See Nivens v. Gilchrist*, 444 F.3d 237, 246 (4th Cir. 2006); *see also Sonda*, 92 F.4th at 219. Again, EPRA — the Commissioner's assertedly unclear state law — is not "presented" as unclear in connection with the Free Exercise claim, and the district court was not "required" to interpret it.[8]

---

[8] Although the Commissioner also asserts that an assessment of strict scrutiny and rational basis standards of review are somehow impacted by EPRA, those assertions are akin to a "red herring." The West Virginia legislature is not empowered to bind a federal (Continued)

Anticipating that he could receive an adverse decision from us on the Abstention Ruling, the Commissioner alternatively argued that we should resolve this appeal by awarding judgment to him based on his contentions regarding *Ex Parte Young* and Article III standing. But — as we have emphasized may times — we are a "court of review, not of first view." *See Moses Enter., LLC v. Lexington Ins. Co.*, 66 F.4th 523, 529 (4th Cir. 2023) (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005)). So, we will be content to leave resolution of the issues concerning *Ex Parte Young* and Article III standing to the sound judgment of the district court. As his final alternative, if those contentions fail, the Commissioner urges that we remand for the district court to resolve the Free Exercise claim.

In these circumstances, we are satisfied that the district court erred in applying the *Pullman* abstention doctrine, and that it abused its discretion in making the Abstention Ruling. We will therefore vacate and remand for further proceedings. Those proceedings should include resolution of the Commissioner's *Ex Parte Young* and Article III standing contentions, and, if necessary, the Plaintiffs' Free Exercise claim.[9]

---

court, and it cannot require us to apply strict scrutiny principles to a federal legal issue. Nor could the West Virginia legislature offer controlling guidance to the federal courts on when or whether strict scrutiny should be applied. *See England v. Louisiana State Bd. of Med. Exam'rs*, 375 U.S. 411 (1964) (recognizing "the primacy of the federal judiciary in deciding questions of federal law").

[9] If the district court's remand proceedings reach the merits of the Free Exercise claim, the court should assess the applicability of our 2011 decision in *Workman v. Mingo Cnty. Bd. of Educ.*, 419 Fed. App'x 348 (4th Cir. 2011) (unpublished). As noted, we have therein already ruled, inter alia, that the Vaccination Mandate does not contravene the Free Exercise Clause. And although that decision was not published, it was unanimously (Continued)

13

IV.

Pursuant to the foregoing, we vacate the Abstention Ruling and remand for such other and further proceedings as may be appropriate.

*VACATED AND REMANDED*

---

rendered after full briefing and oral argument, and on the basis of *Jacobson v. Massachusetts* and its progeny. *See* 197 U.S. 11 (1905).

BERNER, Circuit Judge, dissenting:

In light of the deference owed to the district court, I would affirm its decision to abstain. Two conditions must exist for a federal court to invoke *Pullman* abstention. *See R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941). The doctrine applies only where "there is (1) an unclear issue of state law presented for decision (2) the resolution of which may moot or present in a different posture the federal constitutional issue such that the state law issue is potentially dispositive." *Wise v. Circosta*, 978 F.3d 93, 101 (4th Cir. 2020) (en banc) (citation omitted). Whether a case meets these two basic requirements is reviewed *de novo*. *See Erie Ins. Exch. v. Md. Ins. Admin.*, 105 F.4th 145, 149 (4th Cir. 2024). If a case fulfills both prerequisites, however, "we review the district court's ultimate decision to abstain for abuse of discretion." *Id.* (internal quotation marks omitted).

Unlike the majority, I believe this case comfortably satisfies both *Pullman* prerequisites. Plaintiffs argue that Section 16-3-4 of the West Virginia Code (the Vaccination Mandate) is unlawful. They seek to challenge the Vaccination Mandate under the Free Exercise Clause of the United States Constitution. The answer to an unclear question of West Virginia law, however, may moot their federal constitutional claim or, at the very least, present their case "in a different posture." *Wise*, 978 F.3d at 101. Whether the Vaccination Mandate violates West Virginia's Equal Protection for Religion Act (the EPRA) is an open and fundamentally different question from whether the Vaccination Mandate violates the Free Exercise Clause. West Virginia state courts' resolution of the former may obviate the federal courts' need to decide the latter.

15

This case satisfies the first *Pullman* requirement because there is "an unclear issue of state law presented for decision." *Wise*, 978 F.3d at 101. No one disputes that the Vaccination Mandate's legality under the EPRA is an unsettled question of West Virginia law. The EPRA establishes that strict scrutiny applies to any state regulation that substantially burdens religion. W. Va. Code § 35-1A-1. The statute applies "[n]otwithstanding any other provision of law," *id.* § 35-1A-1(a), and Plaintiffs argue that the Vaccination Mandate substantially burdens religion. Plaintiffs decline to pursue a state law claim, but the West Virginia Attorney General, writing in support of the Plaintiffs as amicus curiae before the district court, asserted that the Vaccination Mandate's lack of a religious exemption is unlawful under the EPRA. *See* J.A. 219, 224-25.

In arguing that this case fails to satisfy the first *Pullman* factor, Plaintiffs misread the phrase "presented for decision," *Wise*, 978 F.3d at 101. According to Plaintiffs, there cannot be "an unclear issue of state law presented for decision," *id.*, unless a litigant raises a state law claim. Plaintiffs contend that "[w]hether or not the [Vaccination Mandate] violates the EPRA has not been 'presented for decision' because it is not and never has been at issue in this litigation as Plaintiffs have not asked a federal court to interpret that statute." Plaintiffs' Opening Br. 30-31. In Plaintiffs' view, "[t]he only claim 'presented for decision' below was a federal constitutional claim." Plaintiffs' Reply Br. 2.

This cramped reading of the phrase "presented for decision" does not comport with our precedent. The majority seemingly accepts Plaintiffs' interpretation, stating that "the only state law presented for decision here is the Vaccination Mandate." Maj. Op. 11. Yet no federal court of appeals, including the Fourth Circuit, has conditioned the

16

appropriateness of *Pullman* abstention on the affirmative invocation of a state law claim. An issue of state law may be "presented for decision" even where the plaintiff does not plead a state law claim. In *Franklin & Waldron, Inc. v. City of Martinsville*, for example, this court affirmed a district court's decision to abstain under *Pullman* even where no violation of state law was alleged and, indeed, the plaintiff "insist[ed] that relief in the courts of Virginia [was] precluded." 493 F.2d 481, 483 (4th Cir. 1974) (Clark, J., sitting by designation). This court similarly found abstention proper in multiple other instances where the plaintiffs declined to raise a claim under state law. *See Webster v. Perry*, 512 F.2d 612 (4th Cir. 1975) (per curiam); *Ratcliff v. Buncombe County*, 759 F.2d 1183 (4th Cir. 1985).

Conditioning the availability of *Pullman* abstention on whether the plaintiff affirmatively raised a state law claim also defies common sense. As the Second Circuit explained, "[i]t is no answer to the contention that the district court should have abstained, that [plaintiffs-appellants] did not raise their state claims in their complaint. [Plaintiffs-appellants] cannot be allowed to frustrate the policies underlying the doctrine of abstention by this simple expedient." *Reid v. Bd. of Ed. of City of N.Y.*, 453 F.2d 238, 243 n.7 (2d Cir. 1971).

After setting aside the EPRA issue as not "presented," the majority concludes that this case cannot satisfy the first *Pullman* prerequisite. It endorses Plaintiffs' argument that there is no "unclear issue of state law" because the wording of the Vaccination Mandate is unambiguous. *See* Plaintiffs' Reply Br. 8. This limited inquiry misses the mark. In determining whether *Pullman* abstention is appropriate, we are not constrained to

17

evaluating only whether the meaning of the challenged law seems "unclear" in isolation. Rather, the ambiguity may derive from the uncertain relationship between the challenged provision and another state law. The unclear *issue* of state law in this case concerns the relationship between the Vaccination Mandate and the EPRA. The text of the Vaccination Mandate may be unambiguous, but no West Virginia court has analyzed whether the Vaccination Mandate, as it applies to people with a religious objection to vaccination, violates the EPRA. This is an unresolved issue of state law with no clear answer.

In several cases where the meaning of the challenged state law was perfectly clear, this court and the Supreme Court have found abstention proper because the challenged law's relationship with a different state law or constitutional provision was unsettled. In *Ratcliff*, for example, we held that the district court should properly have abstained from hearing a federal constitutional challenge to a North Carolina law because a different provision of the North Carolina code may have conflicted with that law: "[T]he dual office holding provision in Chapter 129 may well control . . . because, in North Carolina, a special and particular statute controls over a statute that is general in nature." 759 F.2d at 1186. Similarly, the Supreme Court in *Reetz v. Bozanich* found abstention appropriate where the challenged Alaska law, though not facially ambiguous, was potentially invalidated by "provisions of the Alaska Constitution at issue [that] have never been interpreted by an Alaska court." 397 U.S. 82, 86 (1970); *see also City of Meridian v. S. Bell Tel. & Tel. Co.*, 358 U.S. 639, 641 (1959) (per curiam); *Askew v. Hargrave*, 401 U.S. 476, 478 (1971) (per curiam); *Harris Cnty. Comm'rs Ct. v. Moore*, 420 U.S. 77, 84 (1975) ("[I]n this case, the uncertain status of local law stems from the unsettled relationship between the state

18

constitution and [the challenged] statute."). Because the relationship between the Vaccination Mandate and the EPRA is unsettled, this case satisfies the first *Pullman* requirement.

This case also meets the second *Pullman* precondition, which provides that a federal court should abstain only where "the resolution of [the state law issue] may moot or present in a different posture the federal constitutional issue such that the state law issue is potentially dispositive." *Wise*, 978 F.3d at 101. There is no requirement that the resolution of the state law issue *necessarily* moot the federal constitutional issue. Instead, it is enough that questions of state law "*may* dispose of the case and avoid the need for deciding the constitutional question." *Meredith v. Talbot County*, 828 F.2d 228, 231 (4th Cir. 1987). *See also Martin v. Stewart*, 499 F.3d 360, 364 (4th Cir. 2007) (stating that "courts may abstain when the need to decide a federal constitutional question *might* be avoided."). In this instance, it is sufficiently likely that a ruling from a West Virginia state court would render unnecessary the adjudication of the Free Exercise claim in federal court.

At the very least, adjudication of the state law issue may "present the issue in a different posture." *Wise*, 978 F.3d at 101. The EPRA requires West Virginia courts to apply strict scrutiny to laws substantially burdening religion, *see* W. Va. Code § 35-1A-1, but heightened scrutiny might not apply to Plaintiffs' Free Exercise claim. As the district court correctly noted, "the most hotly contested issue for decision posed to this Court is whether strict scrutiny applies under federal law." *W. Va. Parents for Religious Freedom v. Christiansen*, 685 F. Supp. 3d 371, 378 (N.D. W. Va. 2023). Plaintiffs argue that federal courts evaluating a Free Exercise claim must also apply strict scrutiny, citing two recent

19

rulings by the Supreme Court, *Fulton v. City of Philadelphia*, 593 U.S. 522 (2021), and *Tandon v. Newsom*, 593 U.S. 61 (2021) (per curiam), which Plaintiffs describe as "directly on point." Plaintiffs' Opening Br. 1. This characterization of *Fulton* and *Tandon* overstates their relevance here. All three federal courts of appeals to hear post- *Fulton* and *Tandon* challenges to compulsory vaccination policies similar to the Vaccination Mandate— regulations that provide for medical exemptions but not religious exemptions—declined to apply strict scrutiny. *See Does 1-6 v. Mills*, 16 F.4th 20, 29-32 (1st Cir. 2021); *We the Patriots USA, Inc. v. Conn. Off. of Early Childhood Dev.*, 76 F.4th 130, 147-54 (2d Cir. 2023); *Spivack v. City of Philadelphia*, 109 F.4th 158, 173-77 (3d Cir. 2024). At a minimum, a challenge under the EPRA may "present the issue in a different posture" than a challenge under the Free Exercise Clause because, under the EPRA, the level of scrutiny would not be disputed.

The majority points to the Supreme Court's admonitions that (1) "abstention cannot be ordered simply to give state courts the first opportunity to vindicate the federal claim," *Zwickler v. Koota*, 389 U.S. 241, 251 (1967), and (2) abstention is not justified when "plaintiffs might have sought relief under a similar provision of the state constitution," *Examining Bd. of Eng'rs, Architects, and Surveyors v. Flores de Otero*, 426 U.S. 572, 598 (1976) (quoting *Harris County*, 420 U.S. at 84). Maj. Op. 12. This case brushes up against neither of those limitations, however. First, abstention was ordered to provide the state court the initial opportunity to vindicate the *state* claim. Second, the EPRA and the Free Exercise Clause are not "similar provision[s]." *Flores de Otero*, 426 U.S. at 598; *compare* U.S. Const. amend. I *with* W. Va. Code § 35-1A-1.

20

Because this case satisfies *Pullman*'s two prerequisites, we should analyze the district court's abstention decision solely for abuse of discretion. *Erie Ins. Exch.*, 105 F.4th at 149. Federal courts should be reluctant to abstain in cases involving facial challenges under the First Amendment, *see Zwickler*, 389 U.S. at 252, but "abstention is not always precluded by a claim of First Amendment privilege." *Pub. Citizen Health Rsch. Grp. v. Comm'n. on Med. Discipline of Md.*, 573 F.2d 863, 866 (4th Cir. 1978) (per curiam). The Supreme Court has found abstention appropriate in several such cases. *E.g.*, *Gov't & Civic Emps. Org. Comm. v. Windsor*, 353 U.S. 364 (1957); *Harrison v. NAACP*, 360 U.S. 167 (1959); *Babbitt v. United Farm Workers Nat'l. Union*, 442 U.S. 289 (1979). So too has this court. In *Public Citizen*, a case presenting a First Amendment challenge, this court affirmed the district court's decision to abstain despite recognizing that "First Amendment claims do require special attention from a federal court that is considering whether to order abstention." 573 F.2d at 865-66. The invocation of the First Amendment does not foreclose abstention. For these reasons, I cannot conclude that the district court's use of *Pullman* abstention in this case amounted to an abuse of discretion. I respectfully dissent.